21-109-cv
Denise Payne v. Cornell University

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 15th day of February, two thousand twenty-two.

Present:     ROSEMARY S. POOLER,
             ROBERT D. SACK,
             MYRNA PÉREZ,
                   *Circuit Judges*.

_____

DENISE PAYNE,

                   *Plaintiff-Appellant*,

            v.                                                    21-109-cv

CORNELL UNIVERSITY,

                   *Defendant-Appellee*.

_____

Appearing for Appellant:    Stephen Bergstein, Bergstein & Ullrich, New Paltz, N.Y.

Appearing for Appellee:     Adam Pence, Cornell University Office of General Counsel
                            (Valerie Cross Dorn, *on the brief*), Ithaca, N.Y.

Appeal from the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Denise Payne appeals from the January 5, 2021 judgment of the United States District Court for the Northern District of New York (Suddaby, *C.J.*), granting summary judgment to Cornell University. Payne brought various claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA") and the New York State Human Rights Law, N.Y. Exec. Law. § 290, et seq. ("NYSHRL") alleging that Cornell (1) discriminated against her by subjecting her to disparate treatment based on her disability; (2) subjected her to a hostile work environment based on her disability; (3) failed to accommodate her disability by refusing to provide reasonable accommodations; and (4) retaliated against her after she complained of disability discrimination. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"When a party challenges a district court's evidentiary rulings underlying a grant of summary judgment, we undertake a two-step inquiry." *Porter v. Quarantillo*, 722 F.3d 94, 97 (2d Cir. 2013). First, we review the trial court's evidentiary rulings for abuse of discretion. *See id.* Second, "we review the trial court's summary judgment decision *de novo*," construing all evidence in the light most favorable to the nonmoving party. *Id.* (quoting *LaSalle Bank Nat'l Ass'n v. Nomura Asset Cap. Corp.*, 424 F.3d 195, 205, 211 (2d Cir. 2005)).

Payne appeals the district court's ruling disregarding portions of her declaration that do not comport with Fed. R. Civ. P. 56(e). *See Payne v. Cornell Univ.*, No. 18-CV-1442 (GTS/ML), 2021 WL 39684, at *14 (N.D.N.Y. Jan. 5, 2021). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations[.]" Fed R. Civ. P. 56(c); *see also* N.D.N.Y. Local Rule 56.1(b) ("Each denial [of the opposing party] shall set forth a specific citation to the record where the factual issue arises."). Moreover, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Lastly, Fed. R. Civ. P. 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it."

Here, the district court found that Payne's "declaration fail[s] to properly support numerous statements with adequate record citations" and "it attempts to assert inadmissible evidence." *Payne*, 2021 WL 39684, at *14. The district court found that Payne's declaration "contains hearsay, conclusory assertions not based on personal knowledge, and statements contradicted by [Payne's] own previous deposition testimony." *Id.* Thus, the district court elected to disregard those portions of Payne's declaration.

The district court did not abuse its discretion. "[O]nly admissible evidence need be considered by the trial court in ruling on a motion for summary judgment," and a "district court deciding a summary judgment motion has broad discretion in choosing whether to admit evidence." *Porter*, 722 F.3d at 97 (internal quotation marks omitted); *see also Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 482 (2d Cir. 2014) ("[A] party may not create an

issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony.") (quoting *Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996)). Payne's declaration included statements not based on personal knowledge (claiming a colleague jumped from a D-band level salary to an F-band); statements contradicting her own prior deposition testimony and documentary evidence (claiming she "always" followed the requirements of her flex agreements and sought preapproval but testifying that she did not log time off on her supervisor's personal calendar as requested); and statements that are inadmissible hearsay (referencing emails not part of the record that she claimed confirmed she would develop the administrative role "into a full-time position"). App'x at 957 ¶ 5; 959 ¶ 18; 962 ¶ 35. The district court's decision to disregard portions of the declaration were well "within the range of permissible decisions" that preclude us from finding the district court abused its discretion. *Porter*, 722 F.3d at 97 (citation omitted).

We also agree with the district court that Payne failed to establish a genuine dispute of material fact to preclude summary judgment on her ADA and NYSHRL claims.

Disparate treatment disability discrimination claims under the ADA and NYSHRL are analyzed under the *McDonnell Douglas* burden shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006) ("A claim of disability discrimination under the [NYSHRL] is governed by the same legal standards as govern federal ADA claims."). "To satisfy the first step of the *McDonnell Douglas* burden shifting framework and establish a *prima facie* case of discrimination based on disparate treatment," Payne must show by a preponderance of the evidence that: (1) Cornell is subject to the ADA; (2) she was disabled within the meaning of the ADA; (3) she was otherwise qualified to perform the essential functions of her job, with or without reasonable accommodation; and (4) she suffered adverse employment action because of her disability. *Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 71 (2d Cir. 2019). The burden then shifts to the defendant to articulate a "legitimate, nondiscriminatory reason" for the employer's conduct. *Id.* (quoting *McDonnell Douglas*, 411 U.S. at 802). After the employer articulates a legitimate, nondiscriminatory reason, the burden shifts back to plaintiff to demonstrate that the proffered reason is in fact a pretext for discrimination. *Id.* at 71.

At the prima facie stage, a plaintiff may raise an inference of disability discrimination by "show[ing] she was similarly situated in all material respects to the [non-disabled] individuals with whom she seeks to compare herself." *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000)). We agree with the district court that Payne failed to raise an inference of discrimination because she failed to "compare, let alone identify, a similarly situated employee" and that the evidence "demonstrates mere speculation [or] conjecture." *Payne*, 2021 WL 39684, at *15; *see Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 448 (2d Cir. 1999) ("[Courts] must also carefully distinguish between evidence that allows for a reasonable inference of discrimination and evidence that gives rise to mere speculation and conjecture. This undertaking is not one of guesswork or theorization.").

Turning to the elements of her prima facie claim, the parties do not dispute that Cornell is subject to the ADA or NYSHRL or that Payne was disabled, and do not explicitly address whether she was otherwise qualified to perform the essential functions of her job. That leaves

3

whether Payne suffered an adverse employment action because of her disability. *See Fox*, 918 F.3d at 71. The ADA and NYSHRL require "a plaintiff alleging a claim of employment discrimination to prove that discrimination was the but-for cause of any adverse employment action." *Natofsky v. City of New York*, 921 F.3d 337, 348 (2d Cir. 2019). Although Payne identifies a number of grievances as adverse employment actions, the only adverse employment actions here include Payne's layoff and Cornell's subsequent employment decisions to not rehire Payne for different roles. *See, e.g.*, *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 570 (2d Cir. 2011) ("Criticism of an employee (which is part of training and necessary to allow employees to develop, improve and avoid discipline) is not an adverse employment action.").

We agree with the district court that Payne failed to demonstrate that her disability was the but-for cause of her adverse employment actions. *Payne*, 2021 WL 39684, at *15 (N.D.N.Y. Jan. 5, 2021). The record is clear that neither of the adverse employment actions occurred because of her disability—Cornell had valid business justifications for both decisions and both occurred well after the disclosure of her disability on June 13, 2016. In any event, even if Payne were able to establish a prima facie case of discrimination, Cornell had legitimate, nondiscriminatory reasons for its actions including concerns over Payne's ability to perform well in her position due to her skill set and communication style as well as whether she had the necessary analytical skills and demeanor to communicate successfully with colleagues and faculty. Furthermore, Cornell made a number of business changes including shuttering departments and combining others which were high-level business decisions that cannot be considered to have been done on account of Payne's diagnosis and disability accommodations.

Payne also failed to establish a genuine dispute of material fact on her hostile work environment claim. "To prevail on a hostile work environment claim, [Payne] must show (1) that the harassment was sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment, and (2) that a specific basis exists for imputing the objectionable conduct to the employer." *Fox*, 918 F.3d at 74 (citations and internal quotation marks omitted). Based on the totality of the circumstances, the remarks and actions Payne complains of fall well short of the conditions necessary to establish an abusive work environment because they are largely legitimate reprimands by her employer. *See, e.g*, *Duplan v. City of New York*, 888 F.3d 612, 618, 627 (2d Cir. 2018) (affirming dismissal of claim where plaintiff was "ostracized" by his supervisors over a three-year period and suspended without pay for ten business days); *Fox*, 918 F.3d at 75 (concluding that being reprimanded at work does not, alone, make a hostile work environment).

Nor did Payne establish a genuine dispute of material fact on her reasonable accommodation claim. An accommodation is reasonable when it "enable[s] an individual with a disability who is qualified to perform the essential functions of that position . . . [or] to enjoy equal benefits and privileges of employment." 29 C.F.R. § 1630.2(o)(1)(ii), (iii). Although the reasonableness of an employer's accommodation is a "fact specific" question that is usually resolved by the fact finder, where "the employer has already taken (or offered) measures to accommodate the disability, the employer is entitled to summary judgment if, on the undisputed record, the existing accommodation is 'plainly reasonable.'" *Noll v. Int'l Bus. Machs. Corp.*, 787 F.3d 89, 94 (2d Cir. 2015) (quoting *Wernick v. Fed. Rsrv. Bank of N.Y.*, 91 F.3d 379, 385 (2d Cir. 1996)). As the district court found, Cornell offered multiple reasonable accommodations to

Payne through various flex agreements and medical leave even before her formal accommodation request. *Payne*, 2021 WL 39684, at *17. Although Payne complains that Cornell, through its employees, failed to allow Payne to take advantage of the accommodations, "employers are not required to provide a perfect accommodation or the very accommodation most strongly preferred by the employee." *Noll*, 787 F.3d at 95 (citing 29 C.F.R. § 1630 app.). Regardless, Payne's claims are severely undermined by the fact that she told the Medical Leave Administration representative that the accommodations were "working fine." App'x at 390 ¶ 118.

Finally, Payne failed to establish a genuine dispute of material fact as to whether Cornell retaliated against her for her protected activity. "To make out a prima facie case of retaliation, a plaintiff must make four showings: that (1) she engaged in a protected activity; (2) her employer was aware of this activity; (3) the employer took adverse employment action against her; and (4) a causal connection exists between the alleged adverse action and the protected activity." *Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013) (citations and internal quotation marks omitted). We agree with the district court that Payne established a prima facie case for the first three elements, but not on the fourth one.

"A causal connection in retaliation claims can be shown either (1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Littlejohn v. City of New York*, 795 F.3d 297, 319 (2d Cir. 2015) (citations and internal quotation marks omitted). While this Court has not "drawn a bright line rule to define the outer limits beyond which a temporal relationship is too attenuated," *Gormon-Bakos v. Cornell Coop. Extension of Schenectady Cnty.*, 252 F.3d 545, 554 (2d Cir. 2001), district courts in this circuit have generally found that "the passage of two to three months between the protected activity and the adverse employment action does not allow for an inference of causation." *Barton v. Warren Cnty.*, 19-CV-1061, 2020 WL 4569465, at *14 (N.D.N.Y. Aug. 7, 2020) (quoting *Choi v. Ferrellgas, Inc.*, 17-CV-3518, 2020 WL 122976, at *8 (E.D.N.Y. Jan. 10, 2020)). Even if Payne could establish a prima facie case of retaliation, Cornell had legitimate, nondiscriminatory reasons for its actions. Payne's layoff was reviewed and approved at multiple administrative levels and the search committees who decided not to rehire Payne felt other candidates were better qualified.

We have considered the remainder of Payne's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5